**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ERIC K.,[1]

                          Plaintiff,                    5:15-cv-00845 (BKS)

v.

NANCY A. BERRYHILL, Acting Commissioner of Social
Security,

                          Defendant.

---

**Appearances:**

*For Plaintiff:*
Steven R. Dolson
126 N. Salina Street, Suite 3B
Syracuse, NY 13202

*For Defendant:*
Grant C. Jacquith
United States Attorney
Benil Abraham
Special Assistant U.S. Attorney
c/o Social Security Administration
Office of the General Counsel
26 Federal Plaza, Room 3904
New York, NY 10278

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

      Before the Court is a motion for attorney's fees under the Social Security Act, 42 U.S.C.

§§ 406(b) and 1383(d)(2), by Plaintiff's counsel, Steven R. Dolson. (Dkt. No. 20). Defendant

opposes the motion. (Dkt. No. 22). For the reasons set forth below, the motion is granted.

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect his privacy.

# I.    BACKGROUND[2]

Plaintiff applied for disability benefits on March 13, 2012, alleging that he had been disabled since April 20, 2011. (R. 133–34). After the Social Security Administration issued a determination that Plaintiff was not disabled, (R. 55–59), Plaintiff appealed and a hearing was held on January 14, 2014 before an Administrative Law Judge ("ALJ"), (R. 28). The ALJ issued a decision finding that Plaintiff was not disabled, (R. 24), the Appeals Council denied Plaintiff's request for review of that determination, (Dkt. No. 1-1), and Plaintiff commenced the instant litigation, (Dkt. No. 1). On August 18, 2016, this Court reversed and remanded the Commissioner of Social Security's decision denying Plaintiff's claim, (Dkt. No. 14), and awarded Plaintiff's counsel $2,947.56 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, (Dkt. No. 19).[3]

After considering Plaintiff's claim on remand, an ALJ issued a decision fully favorable to Plaintiff, finding him disabled from April 20, 2011. (Dkt. No. 20-3, at 2). The Social Security Administration issued a notice of award to Plaintiff, indicating that he was entitled to $144,900.20 in past-due benefits. (*Id.* at 16). The notice further indicated that the Social Security Administration withheld $34,806.75 "of past due benefits in case [it] need[ed] to pay [Plaintiff's] representative." (*Id.* at 18–19). Plaintiff's two children also received past-due benefits totaling $130,984.50, of which $31,789.75 was withheld for attorney's fees. (Dkt. No. 20-1, ¶¶ 15–16; Dkt. No. 20-3, at 22–29). Mr. Dolson has already received $5,700.00 for the work he performed at the agency level. (Dkt. No. 20-1, ¶ 17; Dkt. No. 20-3, at 31).

---

[2] The Court assumes familiarity with the factual background of this case as recited in its August 18, 2016 decision. (Dkt. No. 14, at 2–14).

[3] Plaintiff's counsel indicates that, because the EAJA award was "subject to debt offsets," he ultimately received $733.46 in fees. (Dkt. No. 20-2, at 3).

Mr. Dolson, who represents Plaintiff on a contingency-fee basis whereby Plaintiff agreed to pay 25% of any past-due benefits awarded, (Dkt. No. 20-2, at 6; Dkt. No. 20-3, at 34), indicates that he has spent a total of 15.1 hours representing Plaintiff in this matter at the federal district court level, (Dkt. No. 20-1, at 3–4). He now seeks $22,650.00 in attorney's fees under 42 U.S.C. § 406(b), reflecting an hourly rate of $1,500.00, (Dkt. No. 20-2, at 7).

## II.    APPLICABLE LAW

Section 206(b)(1)(A) of the Social Security Act provides, in relevant part, that "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court has explained that, "[m]ost plausibly read . . . § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

## III.    DISCUSSION

In this case, Mr. Dolson seeks $22,650.00 for 15.1 hours of federal district court work on Plaintiff's case. (Dkt. No. 20-1, at 3–5). He contends that the requested fee is reasonable because (i) it is less than 25% of the past-due benefits Plaintiff received, (ii) he "devoted considerable time and careful attention to Plaintiff's case," and (iii) the case presented "extremely long odds of success" indicating that the effective hourly rate requested "does not show that the requested fee is large in comparison to the time spent on the case." (Dkt. No. 20-2, at 8–9). Defendant acknowledges that the requested fee does not exceed the 25% contingency-fee cap, but argues

that the "requested fee yields a *de facto* hourly rate of $1,500.00 per hour," which "[m]any courts in the Second Circuit have viewed . . . as a windfall and unreasonable." (Dkt. No. 22, at 4).

"[T]he district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990). To determine whether such fees are unreasonable, courts consider "1) whether the requested fee is out of line with the 'character of the representation and the results the representation achieved;' 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether the 'benefits awarded are large in comparison to the amount of time counsel spent on the case,' the so-called 'windfall' factor." *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (quoting *Gisbrecht*, 535 U.S. at 808).

The fee agreement in this case states that the "attorney fee will be 1/4 (25 percent) of the past due benefits" awarded. (Dkt. No. 20-3, at 34). There is no suggestion that the fee requested is out of line with the character of the representation or the results Mr. Dolson achieved, nor is there any suggestion that he delayed or attempted to delay resolution of this litigation. Accordingly, the Court must determine whether an award of the attorney's fees requested would amount to a windfall for Mr. Dolson. When determining whether an award of attorney's fees constitutes a windfall, courts have examined factors such as "1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and . . . 3) whether the case was handled efficiently due to the attorney's experience in handling social

4

security cases." *Baron v. Astrue*, 311 F. Supp. 3d 633, 637 (S.D.N.Y. 2018) (quoting *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 323 (S.D.N.Y. 2007)). "In applying this factor, we keep in mind that contingency-fee arrangements are an important incentive for counsel to take on cases that might not be sure winners. Therefore, a reduction in the agreed-upon contingency amount should not be made lightly." *Torres v. Colvin*, No. 11-cv-5309, 2014 WL 909765, at *3, 2014 U.S. Dist. LEXIS 29239, at *7 (S.D.N.Y. Feb. 6, 2014) (citations omitted), *report and recommendation adopted by* 2014 WL 909765, 2014 U.S. Dist. LEXIS 29196 (S.D.N.Y. Mar. 6, 2014).

Here, there is no dispute that Mr. Dolson secured a favorable result for Plaintiff. He achieved remand to the administrative level, which ultimately resulted in an award of $144,900.20 in past-due benefits to Plaintiff, in addition to monthly benefits of $1,707.50, (Dkt. No. 20-3, at 16), and $130,984.50 in past-due benefits to his children. His submissions to the Court have not been boilerplate recitations of law, but include a brief containing appropriately researched arguments cogently tailored to the facts of Plaintiff's case. (*See* Dkt. Nos. 10, 16-2). Furthermore, as Mr. Dolson points out, he has represented more than one hundred plaintiffs in similar cases before this Court. (Dkt. No. 20-1, ¶ 5). Having reviewed Mr. Dolson's itemization of time he spent on this case, the Court finds that his experience representing Social Security claimants likely contributed to the efficiency with which he handled this case and that it would have required more time from an inexperienced attorney. "Thus, to reject a fee request because the resultant hourly rate is too high serves only to penalize efficiency, rather than rewarding it." *Torres*, 2014 WL 909765, at *5, 2014 U.S. Dist. LEXIS 29239, at *14 (explaining further that "[t]he more efficient attorney, the fewer hours he will spend on a task, thus increasing the hourly rate if in invokes his contingency agreement"); *see also Maier v. Apfel*, No. 95-cv-9264, 1998 WL 401536, at *2, 1998 U.S. Dist. LEXIS 10869, at *7 (S.D.N.Y. July 17, 1998) ("The

plaintiff's counsel should not be penalized for working efficiently on the case as compared to other attorneys who might have taken longer to perform the same work and whose corresponding hourly rate would be lower due to their lack of experience and productivity.").[4]

Finally, considering the quality of the work by Plaintiff's counsel, and his efficiency, the effective hourly rate of the fees requested here ($1,500) is not out of line with the corresponding hourly rate of attorney's fees approved by district courts within the Second Circuit. *See, e.g.*, *Kazanjian v. Astrue*, No. 09-cv-3678, 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) (awarding attorney's fees at a *de facto* hourly rate of $2,100, and stating that "imputed hourly rates are frequently misleading in these cases"); *Boyd v. Barnhart*, No. 97-cv-7273, 2002 WL 32096590, at *3, 2002 U.S. Dist. LEXIS 26690, at *9 (N.D.N.Y. Oct. 24, 2002) (awarding *de facto* hourly rate of $1,324.52). While the hourly rate of $1,500 is high, including the fees Mr. Dolson received for his work at the agency level, the requested fee of $22,650.00 amounts to only ten percent of the total past-due benefits awarded to Plaintiff and his children.

Accordingly, Plaintiff's counsel is awarded $22,650.00 and is directed to refund to Plaintiff the amount of his EAJA award, or $733.46, to Plaintiff promptly upon receiving payment from the Social Security Administration. *See Rodriguez v. Colvin*, 318 F. Supp. 3d 653, 658 (S.D.N.Y. 2018) ("Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (alteration in original) (quoting *Gisbrecht*, 535 U.S. at 796)).

---

[4] The record indicates that Plaintiff's counsel ably represented Plaintiff at the administrative level. While "[a] court may award a fee only for work performed before it, . . . the work performed by the attorney at the agency-level is relevant insofar as it assists the court in understanding the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court." *Schiebel v. Colvin*, No. 14-cv-00739, 2016 WL 7338410, at *2, 2016 U.S. Dist. LEXIS 174833, at *5 (N.D.N.Y. Dec. 19, 2016) (internal quotation marks omitted).

**IV.   CONCLUSION**

For these reasons, it is hereby

**ORDERED** that Plaintiff's counsel's motion for attorney's fees under 42 U.S.C.

§ 406(b)(1) (Dkt. No. 20) is **GRANTED** in the amount of $22,650.00; and it is further

**ORDERED** that, upon receipt of the $22,650.00 in attorney's fees, Plaintiff's counsel is

directed to refund Plaintiff the EAJA fee award of $733.46.

**IT IS SO ORDERED.**

Brenda K. Sannes
U.S. District Judge

Dated:  March 4, 2019
        Syracuse, New York